## BARNETT *v.* DENISON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 297. Submitted April 13, 1892. — Decided May 2, 1892.

When the charter of a municipal corporation requires that bonds issued by it shall specify for what purpose they are issued, a bond which purports

on its face to be issued by virtue of an ordinance, the date of which is given, but not its title or its contents, does not so far satisfy the requirements of the charter as to protect an innocent holder for value from defences which might otherwise be made.

THE court stated the case as follows:

This was an action to recover the amount of certain coupons cut from bonds issued by the city of Denison " for the reduction of and cancellation of the outstanding city scrip, and for the improvement of streets," etc.

The charter of the city, adopted March 7, 1873, conferred upon it power (sec. 27) " To borrow money on the credit of the city, and issue bonds therefor to an amount not to exceed $50,000. To make a loan exceeding $50,000 the question must be submitted to the qualified voters of the city, and if sustained by a majority of the votes polled, such loan shall be lawful. All bonds shall specify for what purpose they were issued, and not be invalid if sold for less than their par value. And when any bonds are issued by the city a fund shall be provided," etc. Sec. 28 : " To issue bonds in aid of any corporation or enterprise, either manufacturing, railroad, or for other purposes, calculated to advance the interests of the said city, and to borrow money for that purpose, and to take stock therein, or in any of them, provided," etc.

Pursuant to this charter the city council, on August 9, 1873, adopted the following ordinance :

" Sec. 1. Be it ordained by the city council of the city of Denison, that there shall be issued by the city of Denison bonds to the extent of $20,000, and shall be known as ' Denison City Bonds.' Said bonds shall mature in ten years from the date of their issuance, and such bonds, or the proceeds thereof, shall be used for the purpose of redeeming the outstanding city scrip or other indebtedness, and the improvement of the streets, as may be directed by the city council ; and said bonds shall bear an annual interest of ten per centum, payable semi-annually, expressed by coupons thereto attached, and shall be payable at the office of the Importers' and Traders' National Bank of New York City."

No reference was made in the bonds to the purpose for which they were issued, but they contained the following paragraph : " These bonds are issued by virtue of an ordinance passed by the board of aldermen of said city, on the 9th day of August, and approved by the mayor on the 9th day of August, 1873."

It was stipulated upon the trial that " if the failure to state the purpose for which the bonds were issued more specifically than is contained in said bonds was such a defect as deprived them of the quality of negotiable paper and visited all purchasers for value with notice, then the city of Denison had a good defence to the suit ; but if not such a defect, then plaintiff ought to recover as prayed for in his petition."

The court charged the jury that, by the charter, notice was imputed to all persons purchasing bonds that the purpose for which they were issued should be stated, and instructed them to return a verdict for the defendant, which was done. The plaintiff thereupon took out a writ of error from this court.

*Mr. H. Chilton* for plaintiff in error submitted on his brief.

I. When a municipal corporation has power under any circumstances to issue negotiable securities the *bona fide* purchaser has a right to presume that they were issued under circumstances and for a purpose which give the requisite authority, and they are no more liable to be impeached for any infirmity in the hands of such a purchaser than any other commercial paper. *Supervisors* v. *Schenck,* 5 Wall. 772, 784 ; *Merchants' Bank* v. *State Bank,* 10 Wall. 604 ; *St. Joseph Township* v. *Rogers,* 16 Wall. 644 ; *Chambers County* v. *Clews,* 21 Wall. 317 ; *San Antonio* v. *Lane,* 32 Texas, 405.

II. Where, as in this case, the holder of municipal bonds purchased them before their maturity, and without notice of any defence, and they recite that they were issued under a certain ordinance, a reference to which shows a legal and proper purpose, for the use and benefit of the city, the purchaser is thereby assured of the validity of the bonds, and it would be

tolerating a fraud to permit the city to show that the bonds were not in fact issued for such purpose. The city is estopped from denying the truth of the recitals in its bonds. *County of Moultrie* v. *Savings Bank*, 92 U. S. 631; *Town of Coloma* v. *Eaves*, 92 U. S. 484; *San Antonio* v. *Mehaffey*, 96 U. S. 312; *Nauvoo* v. *Ritter*, 97 U. S. 389; *Hackett* v. *Ottawa*, 99 U. S. 86; *Walnut* v. *Wade*, 103 U. S. 683; *County of Clay* v. *Society for Savings*, 104 U. S. 579; *Ottawa* v. *National Bank*, 105 U. S. 342.

The bonds themselves on their face recited the ordinance by date under which they were issued. The ordinance recites that the bonds were authorized for the redemption of city scrip and other indebtedness, and for the improvement of the streets. Failure of consideration was the defence under which the court instructed the jury that the plaintiff could not recover. Which we submit was error.

The concession that plaintiff made out his case and was entitled to recover as an innocent holder for value before maturity, unless the failure to state the purpose for which the bonds were issued more particularly than is contained in the said bonds, deprived him of his right as an innocent holder, in effect concedes the correctness of the two foregoing propositions.

III. The material proposition in the case then is, that where, as in this case, a bond or other instrument has been issued by virtue of a certain ordinance referred to, but not copied or described, such recital is notice of the contents of the ordinance; and as such ordinance recites the purpose for which the bonds are authorized, the bonds thereby in effect specify the purpose for which they were issued. *Kansas* v. *School District No. 3*, 34 Kansas, 237; *Lewis* v. *Bourbon County*, 12 Kansas, 186; *Hackett* v. *Ottawa*, 99 U. S. 95; *Ottawa* v. *National Bank*, 105 U. S. 143.

IV. The provision of section 27 of the charter of the city of Denison prescribing that bonds issued under that section shall specify for what purpose they were issued, is merely directory, and the absence of such recital from the bonds will not affect the rights of a *bona fide* holder for value. *Young* v. *Camden County*, 19 Missouri, 309.

No appearance for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This case involves the single question whether a require-
ment of a charter that the bonds issued by a municipal corpo-
ration shall specify for what purpose they are issued, is so far
satisfied by a bond which purports on its face to be issued by
virtue of an ordinance, the date of which is given, but not its
title or its contents, as to cut off defences which might other-
wise be made.

We are of the opinion that it is not. It is the settled
doctrine of this court that municipal corporations are merely
agents of the state government for local purposes, and possess
only such powers as are expressly given, or implied, because
essential to carry into effect such as are expressly granted;
1 Dill. Mun. Corp. section 89; *Ottawa* v. *Carey*, 108 U. S. 110;
that the bonds of such corporations are void unless there be
express or implied authority to issue them; *Wells* v. *Super-
visors*, 102 U. S. 625; *Claiborne County* v. *Brooks*, 111 U. S.
400; *Concord* v. *Robinson*, 121 U. S. 165; *Kelley* v. *Milan*, 127
U. S. 139; that the provisions of the statute authorizing them
must be strictly pursued; and that the purchaser or holder of
such bonds is chargeable with notice of the requirements of
the law under which they are issued. *Ogden* v. *County of
Daviess*, 102 U. S. 634; *Marsh* v. *Fulton County*, 10 Wall.
676; *South Ottawa* v. *Perkins*, 94 U. S. 260; *Northern
Bank* v. *Porter Township*, 110 U. S. 608; *Hayes* v. *Holly
Springs*, 114 U. S. 120; *Merchants' Bank* v. *Bergen County*,
115 U. S. 384; *Harshman* v. *Knox County*, 122 U. S. 306;
*Coler* v. *Cleburne*, 131 U. S. 162; *Lake County* v. *Graham*,
130 U. S. 674.

It is certainly a reasonable requirement that the bonds issued
shall express upon their face the purpose for which they were
issued. In any event, it was a requirement of which the pur-
chaser was bound to take notice, and if it appeared upon their
face that they were issued for an illegal purpose they would
be void. If they were issued without any purpose appearing

at all upon their face, the purchaser took the risk of· their being issued for an illegal purpose, and, if that proved to be the case, they are as void in his hands as if he had received them with express notice of their illegality. Ordinarily the recital of the fact that the bonds were issued in pursuance of a certain ordinance would be notice that they were issued for a purpose specified in such ordinance, *Hackett* v. *Ottawa*, 99 U. S. 86, and the city would be estopped to show the fact to be otherwise.. *Ottawa* v. *National Bank*, 105 U. S. 342. But where the statute requires such purpose to be stated upon the face of the bonds it is no answer to say that the ordinance authorized them for a legal purpose, if in fact they were issued without conζideration, and for a different purpose.

In this case, the bonds were not only issued for a purpose not named in the ordinance, viz.: in aid of the Texas and Atlantic Refrigerator Car Company, which had agreed to erect at Denison slaughter-houses, tanks, machinery and other material of the value of $15,000, but upon a consideration which had wholly failed, the company having failed to comply with the terms of the contract; and the bonds, so far as they were known to exist, were cancelled.

In *Kansas* v. *School District No. 3*, 34 Kansas, 237, relied upon by the plaintiff, the State sued a school district upon certain school district bonds and their coupons. Upon the trial, the defendant objected to the introduction of any evidence upon the petition, upon the ground that the same did not state facts sufficient to constitute a cause of action, and the court sustained the objection and dismissed the action. One of the objections urged by the defendant against the petition was that the bonds did not state, as required by statute, the purpose for which they were issued. The court held that the bonds were not void for that reason, because under the allegations of the petition they must be considered as issued in good faith; "that the school district received ample consideration for them; and that the State of Kansas is an innocent and *bona fide* purchaser of them; for nothing appears to the contrary in the petition, and all the allegations of the petition would tend to indicate this." This ruling,

however, is not inconsistent with the idea that if they had been issued for an illegal purpose, the purchaser would have been chargeable with notice of such illegality, by reason of the omission to state on the face of the bonds the purpose for which they were issued.

In *Young* v. *Camden County*, 19 Missouri, 309, the act required that county warrants should be written or printed in Roman letters without ornament, in order to prevent the issuing of paper by county courts which could be used as a circulating medium. This was held to be merely directory; but the case, though cited by the plaintiff here, is not in point. The court held expressly that all the words prescribed by the statute were in the warrants, and that the introduction of other words did not vitiate them.

In view of the circumstances under which these bonds were issued the instruction to return a verdict for the defendant was proper, and the judgment of the court below is, therefore,

*Affirmed.*

MR. JUSTICE BREWER dissented.