Adams, J.
The case of William Keebn against the City of Wooster et al. has been submitted to the court on a demurrer to the answer and cross-petition of the defendant, T. C. Cochran.
*271 The original action between the plaintiff Keehn and the City of Wooster was a suit to enjoin the payment by the City of Wooster of interest on certain bonds to the amount of $76,000, issued by the city of Wooster, and at a former term the defendant Cochran was given leave to come in as a defendant, he claiming to be the holder of one of the coupons on this issue of bonds.
It is to his answer and cross-petition that this demurrer has been filed.
The demurrer was filed on two grounds: (1.) Want of jurisdiction, and (2), that the facts stated are insufficient to constitute a defense, or a cause of action in favor of the defendant Cochran.
It is conceded in the argument here that the original bonds, of which the bonds now in controversy are refunding bonds, were issued under an act of the legislature which was unconstitutional, because in contravention of section one (1), of article thirteen (13), and section six (6), of article eight (8), of the constitution. That is admitted on the argument; but it is claimed, and the facts are alleged in this answer and cross-petition, that Cochran was a purchaser in the open market of a single coupon from one of these refunding bonds, and that he stands in the position of an innocent purchaser, and that the city of Wooster is es-topped by the recitals of the ordinance authorizing the issue of these refunding bonds, and by the recitals of the bonds themselves, from asserting the illegality or unconstitutionally of these or of the original bonds.
The first ground of demurrer, that of want of jurisdiction, is based on the fact that Cochran claims to own one coupon only, of the amount of $30.00, and it is claimed that this is below the jurisdiction of the court of common pleas.
As to that, if the answ'er is otherwise good, we think that Cochran being a proper parly, and necessarily interested in the determination of the. legality of these bonds, would have *272 tbe right to defend in this case, to prevent, if he may, the holding that these bonds are illegal and void, without regard to the amount that he claimed or owned. It is true that he might not be entitled to the relief he prays in this answer and cross-petition; that is, the affirmative relief; but so far as the amount is concerned, be would have the right to defend against a holding by this court declaring the bonds in which he is interested to be illegal.
These refunding bonds were issued under section 2701 of the Revised Statutes. It is claimed, in support of the demurrer, among other things, that the city council of Wooster, in the passage of the ordinance under which these refunding bonds were issued, and in the terms of the bonds themselves, did not comply with the terms of section 2703 of the Revised Statutes, which provides that all bonds issued under authority of that chapter (which includes 2701), shall express on their face the purpose for which they were issued, and under what ordinance.
It is claimed on the other hand, on behalf of Cochran, that the ordinance having recited that these bonds were issued for the purpose of refunding and extending the time of payment of certain indebtedness of the city of Wooster, and the bonds reciting that that indebtedness was a legal and subsisting indebtedness, the city of Wooster was es-topped by these recitals form asserting the illegal purpose for which the bonds, were issued.
Counsel for Cochran rely upon ' two cases, one found in 62 Federal Reporter, 778, the case of The National Insurance Co. of Montpelier v. The Board of Education of the City of Huron; but that case is distinguishable from the case at bar in this: there the bonds were issued under a statute which authorized the board of education to issue bonds and apply the money to the purchase of a school site or sites, and the bonds recited that they w'er© issued for that purpose. After they were issued and the money obtained, *273 the money was used for an entirely different and an illegal purpose, and we think-the court very properly held that the holder of the bonds was not required to see that the money, the proceeds of the sale of the bonds, was properly and legally applied.
The other case that counsel relies on, is found in the 58 Federal Reporter, 935, The City of Cadillac v. Woonsocket Institute for Savings. The difference between that case and this is the difference between the statute of Michigan and our statute.
The statute of Michigan simply requires that the bonds shall show-the class of indebtedness to which they belong.
Our statute requires that the bonds shall express on their face the purpose for which they were issued. On page 939, the court distinguishes that case from the case of Barnett v. Dennison, 145 U. S., 135, as follows:
“That act conferring authority to issue the bonds in question in that case required that the bonds should show the purpose for which they were issued. This was held a reasonable requirement of the law. If the purpose stated was an authorized one, it gave him notice; if none was stated, then the purchaser took the risk of their being issued for an unauthorized purpose.
“Here there has been ' a substantial compliance, whether the requirement be regarded as mandatory or directory. The act should not be construed as requiring refunded bonds to show more than that they are refunded bonds.”
In the case at bar these bonds recite that they are issued for the purpose of refunding a legal and subsisting indebtedness of the City of Wooster.
The very natural inquiry, it seems to me, for any prudent man, would be: what indebtedness of the city of Wooster?
Now, it is apparent to this court that if these bonds had recited the purpose for which they were issued, the bonds *274 would be illegal. They would be illegal and void on their face if they recited that they were bonds issued to refund these Wooster railroad bonds, or referred to the ordinance under which the Wooster railroad bonds were issued.
In the case of Barnett v. Dennison, 145 U. S., 135, above referred to, it is said, (Mr. Justice Brown announcing the pinion of the court):
“It is the settled doctrine of this court that municipal corporations are merely agents of the state government for local purposes, and possess only such powers as are expressly given, or implied because essential to carry into effect such as are expressly granted; 1 Dill Mun. Corp., section 89, Ottawa v. Carey, 108 U. S., 110; that the bonds of such corporations are void unless there be express or implied authority to issue them; Wells v. Supervisors, 102 U. S., 625; Clairborn County v. Brooks, 111 U. S., 400; Concord v. Robinson, 121 U. S., 165; Kelley v. Milan, 127 U. S., 139; that the provisions of the statute authorizing them must be strictly pursued; and that the purchaser or holder of such bonds is chargeable with notice of the requirements of the law under which they are issued. Ogden v. County of Davies, 102 U. S., 634; Marsh v. Fulton County, 10 Wall., 676; South Ottawa v. Perkins, 94 U. S., 260; Northern Bank v Porter Township, 110 U. S., 608; Hayes v. Holly Springs, 114 U. S., 120; Merchants’ Bank v. Bergen County, 115 U S., 384; Harshman v. Knox County, 122 U. S., 306; Coler v. Cleburne, 131 U. S., 162; Lake County v. Graham, 130 U. 5., 674.
“It is certainly a reasonable requirement that the bonds issued shall express upon their face the purpose for which they were issued. In any event, it was the requirement of which the purchaser was bound to take notice, and if it appeared upon their face that they were issued for an illegal purpose, they would be void. If they were issued without *275 any purpose appearing at all upon their face, the purchaser took the risk of their being issued for an illegal purpose; and, if that proved to be the case, they are as'yoid in his hands as if he had received them with express notice of their illegality.”
Alfred J. Thomas and William F. Kean, for plaintiff.
M. L. Smyser and Wm. C. Yost, for City of Wooster.
Frederick A. Henry, for defendant, T. C. Cochran.
From the statement of the case, pp. 130-137, it appears that the bonds were issued under an prdinance dated August 9th, 1873, ‘for the purpose of redeeming the outstanding city scrip or any other indebtedness, and the improvement of the streets, as may be directed by the city council, ” as stated in the ordinance, but the bonds contained no other statement of the purpose of their issue than that they were issued by virtue of the ordinance of August 9th, 1873.
We think the reasoning and authority of that case justifies and requires the holding that these bonds do not comply with the provisions of section 2703, and that this answer and cross-petition is insufficient on the facts, and it is so held.
The demurrer is sustained, not as to the matter of want of jurisdiction, but on the other ground.