UNITED STATES TRUST CO. v. VILLAGE OF MINERAL RIDGE.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1900.)

No. 828.

MUNICIPAL BONDS—STATUTORY REQUIREMENTS AS TO RECITALS—NOTICE TO PURCHASERS.

Rev. St. Ohio, § 2703. relating to municipal bonds, requires that "all bonds issued under authority of this chapter shall express upon their face the purpose for which they were issued and under what ordinance." The only reference to any ordinance contained in bonds issued by a village, purporting to be refunding bonds, was a statement that they were issued to take up former bonds of a certain date, "as provided in the ordinance of said village." It was admitted that no valid or sufficient ordinance authorizing the issuance of such bonds was passed, and that the bonds refunded were void. *Held*, that under such statute every purchaser was charged with notice of their invalidity.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Benjamin Parmely, for plaintiff in error.

Chas. M. Wilkins and S. H. Tolles, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and RICKS, District Judge.

SEVERENS, Circuit Judge. This was an action brought by the plaintiff in error against the village of Mineral Ridge to recover upon certain bonds, purporting to be refunding bonds issued and sold by the village for the purpose of providing means to pay off prior bonds issued by the village. The prior bonds thus refunded were voted in aid of the construction of the Niles & Mineral Ridge Electric Railroad, a private enterprise, which the village had no lawful power to aid. It is conceded that those bonds were void, but it is contended that these refunding bonds, being upon their face, as it is claimed, in conformity with the law of the state which gives to its

municipalities the power to issue refunding bonds to take up for-- mer obligations, and containing the usual recitals of the existence of the required conditions precedent to their issue, are valid in the hands of bona fide holders. The statute of Ohio (section 2703 of the Revised Statutes) requires that all bonds issued under the provisions of the chapter authorizing them "shall express upon their face the purpose for which they were issued, and under what ordinance." This is an imperative requirement, of which all purchasers must take notice; for they are presumed to have knowledge of the statute creating the power to obligate the municipality. The purpose of this provision requiring a specification of the ordinance under which the bonds are issued is to draw the attention of those who take them to the particular record authorizing their issue, so that they may examine it and discover any excess or abuse of power by the municipal council which the record would disclose. The purchaser of bonds issued under a statute containing such provisions is chargeable with notice of what the ordinance contains. Barnett v. City of Denison, 145 U. S. 135, 12 Sup. Ct. 819, 36 L. Ed. 652. The only reference upon the face of these bonds to any ordinance is the statement that they were issued to take up former bonds (giving the date of their issue) "as provided in the ordinance of said village." If it were not for the express provision of the statute that the bonds should refer to the particular ordinance, it might be held that, taken in connection with other recitals in the bond, it might be presumed by the purchaser that the ordinance was free from any illegality. Hackett v. Ottawa, 99 U. S. 86, 25 L. Ed. 363; Risley v. Village of Howell, 22 U. S. App. 635, 12 C. C. A. 218, 64 Fed. 453. But in this case it was admitted upon the trial by counsel for the plaintiff that no valid or sufficient ordinance for the issuing of the refunding bonds was passed, so that, if the purchaser had consulted the record of ordinances, he would have known that the refunding bonds were invalid. In this respect (and it is of vital consequence) this case differs from that of Village of Kent v. Dana, 40 C. C. A. 281, 100 Fed. 56, recently decided by this court. In that case the bonds referred to the ordinance under which they were issued, by giving its date; and the ordinance itself, when seen, did not disclose any unlawful purpose, but a legitimate one.

For these reasons, there was no error in holding, as the circuit court did, that the bonds in suit were invalid. The judgment is therefore affirmed.