[No. 1406. December 19, 1911.]

CITY OF ROSWELL, Appellee, v. EASTERN RAILWAY COMPANY OF NEW MEXICO, Appellant.

### SYLLABUS (BY THE COURT).

1. By the eighteenth sub-section of section 2402, C. L. 1897, cities are granted the following power: "To have the right to license, regulate or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed, or fermented liquor within the limits of the city." Held, that Sec. 3, ordinance No. 213 of the City of Roswell, which provides that: "On and after the first day of June, 1910, it shall be unlawful

for any person or common carrier to knowingly bring intoxicating liquors from any city, town or village, or other place, within the Territory of New Mexico, into the City of Roswell," is an attempt to exercise a power neither expressly nor impliedly granted by the eighteenth sub-section of Sec. 2402, C. L. 1897, and therefore void.

Appeal from the District Court for Chaves County, before WILLIAM H. POPE, Chief Justice. Reversed.

R. E. TWITCHELL, J. M. O'BRIEN and H. L. WALDO for Appellant.

Conflict with Federal statute.    34   Stat.  Large 584; Jung v. Myer, 11 N. M. 378; Territory v. Baca, 6 N. M. 420; in re Rahrer, 140 U. S. 556; Liesy v. Hardin, 135 U. S. 100; Brown v. Maryland, 12 Wheat. 419; Bowman v. C. & N. W. R. R. Co., 125 U. S. 465; McGregor v. Cont, 39 L. R. A. 484, Iowa; State v. Hickox, 64 Kas. 658.

In conflict with territorial statutes.   C. L. 1897, secs. 3862, 3863, 3912, 3847, sub-sec. 11; 2042, sub-sec. 18; 2403; Dillon on Municipal Corporations, 2 ed. 253.

In conflict with common law.   Bowman v. C. & N. W. R. R. Co., 126 U. S. 465; Brown v. Houston, 114 U. S. 622; Southern Express Co. v. State, 101 Ga. 670; Fears v. State, 102 Ga. 274; State v. Goss, 59 Vt. 256; State v. Campbell, 76 Iowa 122.

Contrary to public policy.   1 Dillon on Mun. Corp., 2 ed., sec. 263s, 263, 369, 376; Thomas v. Richmond, 12 Wall. 355; Canton v. Nist, 9 Ohio St. 439.

H. M. Dow for Appellee.

Police power.   C. L. 1897, sec. 2402, sub-secs. 18, 36, 66; sec. 2403; Dillon on Mun. Corp., sec. 673; 23 Cyc. 68; Vinson v. Monticello, 734, Ind.; State v. Adamson, 14 Ind. 296; Schwuchow v. Chicago, 68 Ill. 444; Litch v. People, 75 Pac. 1079, Colo.; Woolen & Thornton on Intox. Liq., sec. 275.

Federal commerce acts do not supersede acts passed by states which are directed toward the health, morals, etc., of citizens although indirectly latter may seem in conflict with former. Austin v. Tennessee, 21 U. S. 132; Sherlock et al v. Alling, 93 U. S. 99; Railroad Co. v. Hudson, 91 U. S. 465; Patterson v. Kentucky, 97 U. S. 501; Smith v. Alabama, 124 U. S. 465.

Ordinance is not inconsistent with federal and territorial statutes. C. L. 1897, sec. 2402, sub-sec. 18; State v. Goss, 59 Am. Rep. 706, Vt.; Hanover v. Doane, 12 Wall. 342; Story on Contracts, sec. 642; Bancher v. Mansel, 47 Me. 58; Wesserbohr v. Boulier, 30 Amer. St. Rep. 344, Me.

Not contrary to public policy. Ex parte Simmons, 115 Pac. 380, Okla.; Elliott on Railroads, sec. 663; Boston etc. Co. v. Massachusetts, 97 U. S. 25; Railroad Co. v. Richmond, 96 U. S. 521.

## OPINION OF THE COURT.

MECHEM, J.—The appellant was convicted of a violation of Section 3, Ordinance 213, of the City of Roswell, which reads as follows: "On and after the first day of June, 1910, it shall be unlawful for any person or common carrier to knowingly bring intoxicating liquors from any city, town or village, or other place, within the Territory of New Mexico, into the City of Roswell." The City of Roswell contends that the ordinance above set forth is a valid exercise of its powers under the eighteenth subsection of Section 2402, Compiled Laws of 1897, which grants to cities the following powers: "To have the right to license, regulate or prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor, within the limits of the city." The ordinance in question in other sections prohibits within the limits of the City of Roswell the sale, barter, giving away or otherwise furnishing, except as herein provided "liquors of various kinds. The soliciting or taking orders for or advertising the sale of intoxicating liquors," and the keep- of them "with intent to sell, give or barter the same," in violation of the ordinance is also forbidden. Physicians

are, however, allowed to prescribe and apothecaries to sell such liquors under regulations prescribed in the ordinance. It is obvious that the prohibition of Section 3 extends not merely to bringing of liquor into Roswell for purposes violative of the ordinance, but to bringing it for purposes not in violation of the ordinance and, indeed, for purposes authorized and provided for by the ordinance. How is any person to get liquor into Roswell for his own use or to sell as an apothecary, or how is an apothecary to fill the prescription of a physician without violating Section 3 of the ordinance? To be valid an ordinance must be "reasonable," not in "contravention of common right." Dillon on Mun. Corp., 5 ed., secs. 589-596. Section 3 of the ordinance in question cannot be held to meet that test, besides it is the settled law of this territory that municipal corporations "have only such powers of government as are expressly granted them, or such as are necessary to carry into effect those that are granted. No powers can' be implied except such as are essential to the objects and purposes of the corporation as created and established. Dillon on Municipal Corporations, secs. 89, 237, 5 ed., and cases cited. Ottawa v. Carey, 108 U. S. 110-121; Barnett v. Denison, 145 U. S. 135-139.

It will be seen from the mere reading of the statute above set forth that the power claimed by the appellee is not expressly granted. It remains to consider whether it is implied. The question, then, is: Is the power wholly to prohibit the bringing of intoxicating liquors into the City of Roswell necessary to carry into effect the power to prohibit the selling and giving away thereof? While it may be said that the absolute prohibition of bringing liquor into Roswell would materially aid the prohibition of its sale and giving away, yet it cannot be said that it is necessary in order to carry the power to prohibit the sale and giving away, into effect, in other words, it cannot be said that if the City of Roswell cannot wholly prohibit the introduction of liquor within its limits that it cannot prevent the sale and giving away thereof. Where a municipal corporation claims the right to exercise a power on the ground that it is implied because essential to the exercise

of a power expressly granted, it must show not that the power claimed is simply convenient, but that it is indispensible; that without it the power expressly granted is nugatory. Dillon on Municipal Corporations, 4 ed., sec. 89. It follows Section 3, of Ordinance 213, of the City of Roswell is void because it is unreasonable; it is an attempt by the city to exercise a power which is neither expressly nor impliedly granted to it by the statute of this territory. As we hold the ordinance to be invalid to the extent indicated it would be useless for us to attempt to determine the rights of the defendant under an ordinance of some other description. Such a decision on our part would naturally be considered a dictum and would be wholly unprofitable. The judgment of the court below is, therefore, reversed.