CLAPP v. VILLAGE OF MARICE CITY. OHIO.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1901.)

No. 940.

1. MUNICIPAL BONDS—RECITALS—REQUIREMENT OF OHIO STATUTE.

Rev. St. Ohio, § 2703, relating to municipal bonds, requires that "all bonds issued under authority of this chapter shall express upon their face the purpose for which they are issued and under what ordinance." Section 2701 authorizes the issuance of bonds for the purpose of extending the time for the payment of any indebtedness which, from its limits of taxation, the corporation is unable to pay at maturity. Held, that bonds of a village containing a statement that they were issued to pay certain indebtedness of the village, incurred in the improvement of said village, and were issued under and pursuant to the provisions of said section 2701, and referring to the ordinance authorizing their issuance by its date and general purport, which also stated that the bonds were issued under authority of said section, sufficiently expressed the purpose for which they were issued, within the requirement of section 2703; there being but one purpose for which they could be issued under section 2701.

2. SAME—REGULARITY OF ISSUANCE—OHIO STATUTE.

Rev. St. Ohio, § 2702, which provides that no contract or other obligation involving the expenditure of money shall be entered into, nor any ordinance, resolution, or order for the appropriation or expenditure of money be passed, by the board or council of a municipal corporation, unless the auditor shall first certify that the money required for the contract or to pay the appropriation is in the treasury to the credit of the fund from which it is drawn, has no application to an issue of bonds under section 2701 to extend the time for payment of an outstanding indebtedness.

3. SAME—ESTOPPEL BY RECITALS.

Recitals in bonds of a village that they are issued pursuant to a statute cited, which authorizes the issuance of bonds, and to an ordinance properly referred to by its date and general purport, which conforms to such statute, and that "all the proceedings and steps required either by said statute or ordinance to be had or taken preliminary to the issue hereof have been duly had and taken by said village and its officers and agents," estop the village, as against a bona fide purchaser of such bonds for value and before maturity, to deny their validity on the ground that they were in fact issued for an unauthorized and illegal purpose, or that precedent conditions were not complied with.[1]

---

[1] Bona fide purchasers of municipal bonds, see note to Pickens Tp. v. Post, 41 C. C. A. 6.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

This was an action to recover the contents of certain bonds and coupons purporting to have been issued by the village of Marice City, the defendant in error. The petition alleged the due execution and delivery of seven bonds, in the sum of $500 each, with coupons for interest, by the defendant, the purchase thereof before maturity by the plaintiff for value, and his present holding and ownership of the same. The bonds were in the following form, except in respect to their respective numbers and the maturity thereof:

"United States of America, State of Ohio.

No. 1.                        Total Issue, $3,500.                        $500.

Incorporated Village of Marice City, Putnam County, Ohio.

"The incorporated village of Marice City, Ohio, hereby promises to pay the bearer, upon surrender of this bond, the sum of five hundred dollars, at the Third National Bank, in the city of New York, on the first day of November, in the year one thousand eight hundred and ninety-two, with interest at the rate of 6 per cent. per annum, payable annually, at the same place, on the first day of November of each year during the continuance of this loan, on presentation of the respective interest coupons hereto attached. This bond is issued under and pursuant to the provisions of sections 2700 and 2701 of the Revised Statutes of Ohio, and the ordinance of the council of said village entitled 'An ordinance to authorize the issue and sale of bonds to pay certain indebtedness of the village of Marice City, Ohio, incurred in the improvement of said village,' passed on the fifteenth day of October, in the year one thousand eight hundred and eighty-nine, and for the purposes therein set forth; and it is hereby specially declared that all the proceedings and steps required, either by said statutes or ordinance, to be had or taken preliminary to the issue hereof, have been duly had and taken by said village and its officers and agents. In testimony whereof, the said village of Marice City has hereunto caused its corporate name and seal to be set by the mayor and clerk thereof, hereunto duly authorized by said statutes and ordinance, this first day of November, in the year one thousand eight hundred and eighty-nine.

"[Seal of Mayor of Village of Marice City, Ohio.]

"By Polk Burbage, Mayor.

"F. S. Jones, Clerk."

The defense presented by the second amended and final answer of the defendant consisted first in a formal denial of the citizenship of the parties, in that the plaintiff was not, as alleged, a citizen of New York; a denial that the defendant had lawful authority to issue such bonds; a denial that it issued and sold them as alleged; and a denial that the plaintiff ever purchased them. And thereupon the defendant set up its first ground of defense, sections 2700 and 2701 of the Revised Statutes of Ohio, as follows:

"Sec. 2700. Loans may be made by municipal corporations in anticipation of the general revenue fund, but the aggregate amount of such loans in any fiscal year shall not exceed, in a hamlet, one thousand dollars; in a village, fifteen hundred dollars; in a city of the second class, fifty thousand dollars; in a city of the third grade of the first class, one hundred thousand dollars, and in any other city of the first class, two hundred thousand dollars: provided, however, that no new loans shall be made until the loan previously made under this section has been fully paid and canceled: and provided, further, that no loan as aforesaid shall be made during any fiscal year in anticipation of such fund, exceeding the amount of taxes and revenue from other sources due and payable into the fund for the fiscal year.

"Sec. 2701. The trustees or council of any municipal corporation, for the purpose of extending the time for the payment of any indebtedness which, from its limits of taxation, such corporation is unable to pay at maturity, shall have power to issue bonds of such corporation or borrow money so as to change, but not increase, the indebtedness, in such amounts and for such

length of time and at such rate of interest as the council may deem proper, not to exceed the rate of 8 per centum per annum."

And the following ordinance of the village:

"An ordinance to authorize the issue and sale of bonds to pay certain indebtedness of the village of Marice City, Ohio, incurred in the improvement of said village:

"Be it ordained by the council of the village of Marice City, Putnam county, Ohio:

"Section 1. That the bonds of said village be issued in the sum of thirty-five hundred dollars, to pay certain indebtedness to that amount incurred by said village in the drainage of said village.

"Sec. 2. The said bonds shall be issued and dated November 1, A. D. 1889, shall bear interest at the rate of 6 per cent. per annum from that date, and shall have attached thereto interest coupons; said bonds shall be in the sum of five hundred dollars each, numbered from 1 to 7, inclusive. Bond No. 1 shall fall due three years after date, and shall have three interest coupons attached thereto; bond No. 2 shall fall due four years after date, and shall have four interest coupons attached thereto; bond No. 3 shall fall due five years after date, and shall have five interest coupons attached thereto; bond No. 4 shall fall due six years after date, and shall have six interest coupons attached thereto; bond No. 5 shall fall due seven years after date, and shall have seven interest coupons attached thereto; bond No. 6 shall fall due eight years after date, and shall have eight interest coupons thereto attached; bond No. 7 shall fall due nine years after date, and shall have nine interest coupons thereto attached. Each interest coupon being in the sum of thirty dollars, all of which shall be payable to the purchaser thereof, or bearer, and are issued under and by virtue of the authority of section 2701.

"Sec. 3. This ordinance shall go into force and be of effect from and after its publication, according to law.                    Polk Burbage, Mayor.

"F. S. Jones, Clerk.

"Passed October 15, 1889. Took effect October 25, 1889."

That no loan was made in anticipation of the general revenue. That no ordinance was passed to extend the time of payment of any indebtedness which it could not then pay or could not meet at its maturity, and that the ordinance which was passed was without authority and void. Reference is then made to section 2702, which reads as follows:

"Sec. 2702. No contract, agreement or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money be passed by the council, or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is no auditor, the clerk thereof, shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded; and the sum so certified shall not thereafter be considered unappropriated until the corporation is discharged from the contract, agreement or obligation, or so long as the ordinance, resolution or order is in force; and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed, contrary to the provisions of this section, shall be void."

And it is averred that no certificate by the clerk, such as is required by this section, was ever made, filed, or recorded. Reference is also made to section 2703, which is as follows:

"Sec. 2703. All bonds issued under authority of this chapter shall express upon their face the purpose for which they are issued, and under what ordinance."

And it is thereupon averred that there is no statute of Ohio authorizing the officials to issue bonds containing other recitals than those mentioned in the sections referred to, and for these reasons it is said the bonds are void.

The second ground of defense taken by the answer is, that each and all of the bonds set out in the petition were signed and delivered by the mayor and clerk in furtherance of a scheme to promote a railroad, in violation of section 6 of article 8 of the constitution of Ohio, and further that said railroad was never constructed.

The plaintiff filed a demurrer to these two grounds of defense as stated in the answer. Upon the hearing of argument upon the demurrer the court entered the following order and judgment: "This 17th day of December, A. D. 1900, came the said parties, with their respective attorneys, and thereupon said cause was submitted to the court upon the demurrer of the said plaintiff to the first and second defense of the second amended answer of the said defendant, and the pleadings. Upon consideration thereof, the court do overrule said demurrer to said first and second defense of said second amended answer, and do sustain said demurrer to the petition and the amendment thereto filed herein. To all of which said plaintiff then and there excepted. Thereupon came the plaintiff and asked leave to file an amended petition, which leave was refused, and to which plaintiff excepted. It is therefore considered that the petition and the amendment thereto of said plaintiff be, and the same is hereby, dismissed, and that the said defendant go hence without day, and recover his costs against the said plaintiff, taxed at $———, and that the plaintiff pay his costs herein, taxed at $———, and in default thereof that execution issue therefor. To all of which said plaintiff then and there excepted." Thereupon the plaintiff brought the record here on writ of error.

J. B. Sizer, for plaintiff in error.
Frank Spurlock, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the case as above, delivered the opinion of the court.

Apparently there was an inadvertence in that part of the order which purports to sustain a demurrer of the defendant to the petition, and thereupon dismissing the suit. There was no such demurrer. The case was before the court only upon the demurrer to the first and second special grounds of defense. Another general averment of the answer was that the plaintiff had never purchased, and was not the owner or holder of, the bonds. The demurrer did not reach that part of the answer, and the question whether the plaintiff had purchased and then owned the bonds, as alleged in the petition and denied by the answer, was a question of fact which stood at issue. Whether this fact was as alleged in the petition was a vital one, and it was erroneous to dismiss the case without a solution of that question. If that were found for the plaintiff, he would be entitled, under the repeated decisions of this court in similar cases, to recover; the defendant having admitted the actual, though not the lawful, issue of the bonds by the proper officers. The statute (section 2701) in unmistakable terms authorized the council to issue bonds for the purpose specified. The statement in the bonds is that they were issued pursuant to the provisions of the statute. This is equivalent to a representation that they were issued for the purpose stated in the statute giving the authority, namely, for the purpose of extending the time for the payment of an indebtedness which, from its limits of taxation, such corporation is unable to pay at maturity; for they would not be issued pursuant to the provisions

of the statute if they were issued for a purpose not authorized by it. The representation would be false. Risley v. Village of Howell, 12 C. C. A. 218, 64 Fed. 453, 455. As was said in School Dist. v. Stone, 106 U. S. 183, 1 Sup. Ct. 84, 27 L. Ed. 90:

"Where a statute confers power upon a municipal corporation, upon the performance of certain precedent conditions, to execute bonds in aid of the construction of a railroad, or for other like purposes, and imposes upon certain officers, invested with authority to determine whether such conditions have been performed, the responsibility of issuing them when such conditions have been complied with, recitals by such officers that the bonds have been issued 'in pursuance of' or 'in conformity with' or 'by virtue of' or 'by authority of' the statute have been held, in favor of bona fide purchasers for value, to import full compliance with the statute, and to preclude inquiry as to whether the precedent conditions had been performed before the bonds were issued."

This statement of the law was repeated in City of Evansville v. Dennett, 161 U. S. 434, 443, 16 Sup. Ct. 613, 40 L. Ed. 760. By section 2703 of the Revised Statutes of Ohio it is provided that the bonds shall express upon their face the purpose for which they are issued, and under what ordinance. These are the only statutory requirements as to what the bonds must show. These bonds state that they were issued "to pay certain indebtedness of the village of Marice City, Ohio, incurred in the improvement of said village." This means an indebtedness already incurred, and not one then about to be incurred. This language is plainly referable to the purpose specified in section 2701. The bonds were payable at dates running from three to ten years after their execution, thus providing for a very considerable extension of the payment of the indebtedness.

The bonds refer to the ordinance, and the ordinance states that the bonds are issued under the authority of section 2701, and only one purpose is authorized by that section. The case differs from that in Barnett v. City of Denison, 145 U. S. 135, 12 Sup. Ct. 819, 36 L. Ed. 652. There no purpose whatever was stated on the face of the bond. We think the purpose for which the bonds here in suit were issued was sufficiently expressed upon the face of the bonds. The ordinance under which they were issued is referred to in the bond by its date and general purport, and this is all that is required. Village of Kent v. Dana, 100 Fed. 56, 63, 40 C. C. A. 281. And the ordinance, when seen, recites a lawful purpose. The power of the council to issue such bonds is denied by the defendant in error for the reason that no certificate of the auditor or clerk was made and filed, stating that the money required for the payment of those obligations was in the treasury, as provided by section 2702, which is as follows:

"No contract, agreement or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money be passed by the council or by any board or officer of a municipal corporation, unless the auditor of the corporation, and if there is no auditor, the clerk thereof, shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded; the sum so certified shall not thereafter be considered unappropriated until the corpora-

tion is discharged from the contract, agreement or obligation, or so long as the ordinance, resolution or order is in force, and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed contrary to the provisions of this section shall be void."

Obviously, this section has no relation to the issue of bonds under section 2701. If the money were already in the treasury, there would be no occasion for the bonds, or for the extension of the time of payment of the indebtedness. The provisions of the section quoted relate to certain methods—not all—by which original indebtedness is to be incurred. Whether the indebtedness for the extension of which the bonds are issued was a valid obligation of the village was one to be settled by the council when they issued the bonds. No other board or officer for this purpose is provided, and that question is necessarily referred to the council, which represents the village in the transaction. City of Cadillac v. Woonsocket Inst. for Savings, 58 Fed. 938, 7 C. C. A. 574. Moreover, the certificate referred to in section 2702 becomes a part of their own records, and is not a record of another office; and when it is recited, as it is in these bonds, that all the preliminary steps required by law had been taken by the village, its officers and agents, the village is estopped from objecting that the certificate of some of its officers, which was by law required to be filed as a preliminary step, was not in fact filed.

These considerations dispose of the case for the present. We think the court erred in overruling the demurrer of the plaintiff to the first and second defenses made by the answer, as well as in dismissing the plaintiff's petition. Neither of them could be sustained if the plaintiff is a bona fide holder of the bonds for value, and this is not negatived by these grounds of defense.

The judgment must be reversed, and the cause remanded, with directions to sustain the demurrer, to grant leave to the defendant to replead if it shall elect to do so, and to proceed with the cause in conformity with law.