## VILLAGE OF BRADFORD v. CAMERON.

(Circuit Court of Appeals. Sixth Circuit. April 10, 1906.)

No. 1,501.

1. MUNICIPAL CORPORATIONS—BONDS—ESTOPPEL BY RECITALS.

Negotiable bonds issued by an Ohio village contained recitals that they were issued under authority given by Rev. St. Ohio 1892, § 2701, for the purpose of providing means for the payment of an indebtedness made upon the corporation building and electric light plant, and pursuant to an ordinance referred to and that all acts and things required to be done and performed precedent to and in the issuance of such bonds had been done and performed in due form as required by law. The ordinance referred to authorized the issuance of the bonds to take up a certain note and time orders given for such indebtedness and a resolution was passed by the council determining the validity of the indebtedness as required by said section 2701, which authorized the issuance of bonds to extend an indebtedness the validity of which had been so determined. The village also had authority under the statutes to purchase real estate and to build and maintain a corporation building and an electric light plant. *Held*, that the village was estopped by the recitals in the bonds to contest their validity as against a bona fide purchaser, on the ground of any irregularity in creating the original indebtedness.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1972–1977.

Bona fide purchasers of municipal bonds, see note to 41 C. C. A. 6.]

2. SAME—VALIDITY OF BONDS.

Where a municipal corporation under statutory authority issued bonds to extend or refund an indebtedness which it had power to contract, it is immaterial to the validity of the bonds whether or not it had authority to issue the particular form of obligations by which such indebtedness was evidenced.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Sherman T. McPherson, for plaintiff in error.

Morrison R. Waite, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit upon certain bonds and coupons thereon, issued by the village of Bradford, Ohio, under and by virtue of the provisions of section 2701, Rev. St. 1892, of Ohio, in pursuance of an ordinance passed May 18, 1901, for the purpose of extending the time of payment of certain indebtedness, made upon a corporation building and electric light plant. The petition, in addition to stating the facts respecting the issue of the bonds, which after legal publication were sold to the highest bidder, and are now held by bona fide purchasers in the open market, set forth copies of the same and the coupons, and of the resolution and ordinance under which they were issued. The court below overruled a demurrer to the petition and rendered judgment in favor of the plaintiff, holding that the village was estopped by the recitals of the bonds from setting up as a defense any irregularities in the proceedings of the village council in contracting or refunding the original indebtedness. Clapp v. Village of Marice City, Ohio, 111 Fed. 103, 49 C. C. A. 251. Sec-

tion 2701, of the Revised Statutes of Ohio, for 1892, under which these bonds were issued, provided that "the trustees or council of any municipal corporation, for the purpose of extending the time of payment of any indebtedness, * * * shall have power to issue bonds * * * or borrow money so as to change but not increase the indebtedness * * *; provided, however, that no indebtedness * * * shall be funded, refunded, or extended, unless such indebtedness shall first be determined to be an existing valid and binding obligation * * * by a formal resolution of the trustees or council, * * * which * * * shall also state the amount of the existing indebtedness," and the amount, number and denomination of the refunding bonds. It was provided further, that all such bonds shall express upon their face the purpose for which they were issued, and under what ordinance. Section 2703.

Each of the bonds issued contains the following recitals:

"This bond is one of a series of eleven bonds of like date, amounting in the aggregate to five thousand, seven hundred and forty-five ($5,745.00) dollars, issued for the purpose of providing the means to pay the indebtedness made upon corporation building and electric light plant. This bond as well as other bonds herein referred to, is issued under and by virtue of section 2701, Rev. St. of Ohio, and in pursuance of an ordinance passed by the council of said village on the 18th day of May, A. D., 1901, entitled, 'An ordinance to issue bonds, etc., and it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issue of said bonds have been properly done, happened and performed in regular and due form as required by law."

The resolution of April 23, 1901, required by section 2701, provided that:

"Whereas, certain time orders of the village of Bradford, in Darke and Miami counties, Ohio, for the improvement of electric light and real estate amounting in the aggregate to $5,745.00, with interest at the rate of 6 per cent. per annum, have become due and payable as follows: [Giving list of obligations, being one note and 20 time orders, 12 of the latter being non-interest-bearing.] Therefore, be it resolved by the village council of the village of Bradford, that said indebtedness above described be and the same is hereby declared and determined to be an existing valid and binding obligation of said village, that $5,745.00 of said indebtedness be refunded and that the bonds of said village—be issued for the purpose of refunding said indebtedness and the interest thereof [giving numbers and denominations of the bonds]."

The ordinance of May 18, 1901, recited in the bonds, is similar to the resolution and provided:

"Whereas, a certain note and recent time orders of the village of Bradford, in Darke and Miami counties, Ohio, issued for the purpose of improving electric light and real estate, amounting in the aggregate to $5,745.00, and bearing interest at the rate of 6 per cent., having matured and were payable, or are about to mature and become payable, as follows: [Giving list of obligations as in resolution.] Whereas, said village was at the time said indebtedness became due and payable and still is unable to pay said indebtedness and will be unable to pay those time orders which are not yet due when they shall become due, but is desirous of extending the time for payment of the same without increasing said indebtedness: Therefore, be it ordained, etc., that for the purpose of refunding the said indebtedness above described and for no other purpose, there be issued the bonds of said village in the sum of $5,745.00, dated June 1, 1901," etc. [describing them and giving their numbers and denominations].

The validity of the bonds is assailed on the ground that the village acted without authority in issuing the note and time orders for the indebtedness incurred for the purpose of improving the corporation building and electric light plant; that this indebtedness was therefore not valid but void, and could furnish no foundation for the issue of the refunding bonds under section 2701; and, finally, that any would-be purchaser of the bonds, by reading the ordinance recited therein, would have been advised of this fact, and therefore took the bonds with notice of their invalidity. The bonds state that the indebtedness which they were intended to extend, was incurred upon "corporation building and electric light plant." the ordinance that the note and time orders to be paid by the proceeds of the bonds, were issued for the purpose "of improving electric light and real estate," and the resolution recites a similar purpose. The question, therefore, is, whether the council of the village had authority to improve the real estate or building of the municipality and its electric light plant. If, under the law of Ohio, such power existed, although upon condition, it is to be presumed that the condition attached to the exercise of the power had been complied with, for the bonds so recite. City of Defiance v. Schmidt, 123 Fed. 1, 59 C. C. A. 159, 164. Now, by section 1692, Rev. St. Ohio 1892, then in force, among other powers conferred upon cities and villages, was the power "to acquire by purchase, or otherwise, and to hold real estate, or any interest therein, and other property for the use of the corporation, and to sell or lease the same" (clause 34); and "to erect and maintain public halls" (clause 36).

By section 2486, the council of any city or village was given power to erect electric light works at the expense of the corporation, or to purchase the same if already erected therein. By section 2682, the council of a city or village was given power to levy taxes for "the general purposes of the corporation," not exceeding certain rates, and by section 2683, in addition to these taxes, the council of each city or village was given "power to levy taxes for any improvement authorized by this title," which included the above sections, and for the following purposes:

"14. For erecting, enlarging and improving halls and public offices.
"18. For erecting, enlarging and improving gas works and for lighting the corporation."

By section 2487, the management of the electric works, authorized by section 2486, was handed over to a board of trustees, to be first created by the council and afterwards (section 2488), elected by the people. To this board was given the power not only of constructing, but of extending the works, and of collecting and disbursing the money due the city from its operation. Section 2489. By section 2683-1, the municipality was empowered to levy a tax not to exceed five mills on the dollar, to pay a reasonable amount found to be due on the running expenses and the extensions made to the electric light plant owned and operated by the municipality, after applying the proceeds of its operation. We find in these statutory provisions, authority for the village of Bradford to improve its corporation building and its electric light plant. Along with the right to make such improvements, went

the authority to create an indebtedness for that purpose. If there was power to create the indebtedness, it matters not whether there was authority to issue the note and time orders evidencing the indebtedness or not. It was the indebtedness which was refunded or extended, not the evidences of it.

Before issuing the bonds, the council was required to determine by a formal resolution, that the indebtedness to be extended, was an existing valid and binding obligation of the municipality (section 2701), and in the bonds themselves to state the purpose for which they were issued, and under what ordinance (section 2703). These requisites were complied with, and there was nothing either in the bonds or the ordinance or the resolution, taken in connection with the general recitals, to put the purchaser upon notice of any irregularity, but everything to give him assurance that the bonds were valid and binding obligations of the municipality. If there was any irregularity in creating the original indebtedness (which does not appear in anything before us), the village is estopped to show it, under the circumstances. Village of Kent v. Dana, 105 Fed. 56, 40 C. C. A. 281; City of Defiance v. Schmidt, 123 Fed. 1, 59 C. C. A. 159, 165, and cases cited; Kinney v. Eastern Trust & Banking Co., 123 Fed. 297, 59 C. C. A. 586.

Judgment affirmed.