*404
 
 StepheNSON, J.
 

 The petition and amendment do state facts sufficient to constitute a canse of action against the defendant, and show ample grounds for the relief sought under the statutory provisions as they exist. The main question here is whether or not these statutes are unconstitutional; or, if constitutional, whether they are violative of the compact between the United States and the state of Ohio whereby the lands contained in section 16 were obtained, if such question is raised by the demurrer.
 

 Relator pleads that defendant as auditor of state and as state supervisor of school and ministerial lands participated in the proceedings under which this general improvement was made, waived all errors and took no exceptions to the proceedings and order of the court, and thereby foreclosed the state to either attack the constitutionality of the statutes under which the proceedings were had or to plead a violation of the compact between the state of Ohio and the federal government; and this contention is not without merit. The state can no more “eat its pie and have it” than can the ordinary corporation or individual.
 

 For the purposes of the demurrer it is admitted that the auditor of state, as supervisor of school and ministerial lands, participated in the proceedings whereby this improvement was established. Whether the proceeding in which the auditor of state in his capacity as supervisor of school and ministerial lands participated was an independent proceeding, and the proceedings he now seeks to question are subsequent proceedings, is a question of fact and would to a great extent be determinative of the question whether or not the auditor of state, as supervisor of school and ministerial lands, is estopped to raise the question of the unconstitutionality of the statute, or that such statute violates the compact between the state of Ohio and the United States. This question could be raised by answer.
 

 
 *405
 
 By the process of proffer and acceptance, section 16, here in question, was vested in the Legislature in trust for the usé of schools. Was the acceptance of this trust by the state an exercise of a governmental or a proprietary function! The question in this case arises under a grant of lands. Most certainly this is not a governmental function. Were it a governmental function, we would be obliged to hold that there could be no estoppel; but it is proprietary, and the proceeding was participated in by a state department acting within the scope of its departmental powers, under existing laws, and in our opinion that department is estopped to question the validity of such laws.
 
 Chicago & N. W. Ry. Co.
 
 v.
 
 Dey,
 
 (C. C.), 35 F., 866, 1 L. R. A., 744;
 
 State, ex rel. Clemmer & Johnson Co.,
 
 v.
 
 Turner, Atty. Genl.,
 
 93 Ohio St., 379, 113 N. E., 327.
 

 As the estoppel 'is pleaded, it would necessitate our overruling the demurrer, and the same is overruled.
 

 In the assessment of these lands in section 16, the state through one of its agencies was exercising its police power. Defendant insists that the state never had and has not now any right to exercise its police power, so far as these lands in section 16 are concerned ; that, by the acceptance of these lands in trust, it bargained away its police power.
 

 With this contention we cannot agree. If it were sought to sell these lands to pay these assessments, then the question would be academic; but plaintiff only asks that the rentals of the lands be applied toward the payment of the assessments.
 

 There is no claim that the assessments are arbitrary, excessive, or that the lands are not being benefited ; hence we have the right to assume that the lands are receiving the full benefit of the assessment. That being so, the value of these lands is being enhanced to the extent of the assessments, and, as a finality, nothing is being taken as a matter of fact.
 

 
 *406
 
 In so holding we are not flying in the face of the case of
 
 Bentley
 
 v.
 
 Barton,
 
 41 Ohio St., 410.
 

 This money paid for the drainage of section 16 is as much for the benefit of the schools as if it were used in the purchase of fencing for the lands in question, or for schoolhonse equipment. It was certainly not contemplated by the United States or the state of Ohio that section 16 should stand in the way of sanitation, safety or good husbandry.
 

 It has been held by this court that in Ohio school lands generally may be lawfully assessed for local improvements.
 
 Jackson, Treas.,
 
 v.
 
 Board of Education of Cedarville Twp. Rural School Dist.,
 
 115 Ohio St., 368, 154 N. E., 247.
 

 Of course section 16 is in a class by itself. There are a multitude of cases on both sides of the question raised herein. We prefer to follow the decisions that are keeping step in the march of civilization, and we hold that Section 5330, General Code, is not unconstitutional and is not violative of the compact between the United States and the state of Ohio.
 

 The demurrer to the petition, as amended, is overruled, and leave is granted to respondent to answer.
 

 Demurrer overruled.
 

 Maeshall, C. J., Matthias, Day, AlleN and Kirrkade, JJ., concur.
 

 JoNes, J., concurs in propositions 2 and 3 of the syllabus and in the judgment.