The court upon consideration hereof, finds the allegations of the petition and amendment to the petition to be true and that the relator, The Upper Scioto Drainage and Conservancy District, a corporation, is entitled to a writ of mandamus against the defendant, Joseph T. Tracy, Auditor of the State of Ohio and State Supervisor of the lands described in the petition, as prayed for in the petition and amendment to the petition.
 

 The court doth further find that this action is brought for the purpose of enforcing the provisions of Section 5330 of the General Code of Ohio and for an order directing said defendant to issue or cause to be issued notes in said act provided in the amount of the assessments made and certified against said land and hereinafter set forth for the improvements of the same as in the petition and amendment to the petition described.
 

 The court having heretofore held and adjudged [125 Ohio St.,
 
 399
 
 — Reporter] that said Section 5330 of the General Code was and is a valid and constitutional enactment of the General Assembly of Ohio, further finds that said lands in the petition described are
 
 *278
 
 school lands and are held on leases for terms not renewable forever, and that the same are subject to the special assessments benefiting said lands in the amounts as in the petition set forth and that the same, in the amount thereof, together with the penalties set forth should be paid out of the annual rents accruing therefrom.
 

 And the court further finds that the assessments duly made and certified against said lands for the improvements thereon were and are as in the stipulation of facts set forth, those assessments between August 30, 1921, and September 4, 1930, in the amount of $19,608.58; that additional assessments when added thereto certified to the date of this order and judgment, total $22,321.88; that each and all of said assessments are unpaid and should bear interest at the legal rate of six per cent, per annum from the date same were certified as delinquent to the date of this decree, January 1, 1933, making the amount for which notes of the defendant should be issued as hereinafter ordered, $27,932.76.
 

 And the court further finds that the net annual rents and earnings accruing from such lands are insufficient to pay the amount of such assessments as the same become payable, and that demand has been made by the plaintiff entitled to the payment of the same upon said defendant.
 

 It is, therefore, ordered and adjudged by the court that upon receipt of a copy of this order, the defendant, as Auditor of State of Ohio and
 
 ex officio
 
 State Supervisor of School Lands, shall apply whatsoever moneys now in his hands, if any, and credited as rents and earnings of said lands, to the amount of the assessments as herein found by the court, and that for the balance thereof he shall issue and sell his notes, as such, for the amount of such assessments and interest, so required, payable in such numbers of years as will be required for the net rents to meet the whole
 
 *279
 
 sum of such assessments; that said notes shall bear interest at the rate of 5 per cent, per annum and shall not be sold for less than par.
 

 It is further ordered and adjudged that such notes and interest shall be a lien upon the rents and earnings of such lands and upon the proceeds of any sale of said lands so assessed and that the sum of such notes and interest shall be paid out of such rents or earnings, or proceeds of such sale by the defendant, or his successor in said office.
 

 It is further ordered that, in the event that said notes can not be sold as herein ordered, and if the said plaintiff consents to receive the same in kind, in payment and discharge of the amount of said assessments and penalties, then the said defendant may transfer the same to the said plaintiff and it shall become and be the legal owner and holder thereof.
 

 Writ allowed.
 

 Weygandt, C. J., Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.