WENDEL, TREASURER, APPELLEE, *v.* HUGHES ET AL., APPELLANTS.

(No. 829—Decided February 17, 1942.)

*Mr. Paul A. Baden,* for Butler county, Ohio.

*Messrs. Thomas, Hyers & Leyland,* for Mary M. Hughes.

*Mr. G. E. Condo,* for Alexander L. Johnson.

*Mr. Charles A. Williams,* for The Oxford Loan & Building Company.

MATTHEWS, P. J. This case is before the court now upon an appeal from the order of confirmation of sale which includes in addition an order of distribution, an order directing the issuance of a writ of possession, and a judgment on the supersedeas bond for the deficiency.

The action was instituted by the treasurer of Butler county to foreclose the lien for delinquent taxes as-

·sessed in the name of Mary M. Hughes on land located in Oxford township, Butler county, Ohio. Judgment in foreclosure was entered. Since then, various appeals have been taken in the case by Mary M. Hughes, but the result in none has disturbed the judgment in foreclosure.

The present appeal does not question the procedure by which that judgment was obtained, if the court had jurisdiction to entertain the action.

This appeal does present the question of the power of the court to render the judgment. That is the only ground presented for invalidating the order of confirmation appealed from.

The claim of lack of jurisdiction to enter the judgment is based on three grounds.

(1) The appellant was the owner of a lease for ninety-nine years renewable forever in Oxford township, Butler county, Ohio, the title to which originates in a grant by the United States of America to the state of Ohio for school purposes and transferred by the state of Ohio to Miami University for the same purposes. The history of the title to Oxford township lands is set forth rather fully in *DuBois, Treas.,* v. *Baker,* 52 Ohio App., 148, 3 N. E. (2d), 552. These taxes were assessed against her. It is claimed that the provisions of Part Second, Title I, Chapter 14, General Code, relating to delinquent lands have no application to the collection of taxes on personal property, and that a lease for ninety-nine years is personal property. It is said that the provisions of that chapter do not contemplate the sale of any particular interest or estate in the land, but require the sale of the land itself, which necessarily includes the entire title.

Without stopping to consider whether that construction of the chapter would render the judgment void as beyond the jurisdiction of the Common Pleas Court—a court of general jurisdiction—we are of the

opinion that Chapter 14 does not bear that construction. A reading of the chapter (Section 5704 *et seq.*, General Code) makes it manifest that the Legislature intended thereby to provide a method for the collection of the taxes assessed on the land tax duplicate of the county. The procedure for collection starts with a certification by the county auditor of a list of all the delinquent lands in the county. Where would the auditor go save to the tax duplicate to discover these delinquent lands?

It is necessary, therefore, to return to Chapter 1 (and also, *inter alia,* to Section 5330, General Code)' to discover the significance of the terms used in Chapter 14. And we find that by Section 5330, General Code, school lands leased as these are ''shall be considered, for all purposes of taxation, as the property of the lessees and shall be assessed in their names.''

We are, therefore, of the opinion that the procedure adopted for invoking the jurisdiction of the court was in accordance with the laws of Ohio.

(2) It is also urged that Section 5330, General Code, is void as in violation of the Constitution of the United States, and particularly Section 10 of Article I thereof. This contention, we believe, is fully answered by the case of *State, ex rel. Upper Scioto Drainage & Conserv. Dist.,* v. *Tracy, Aud. of State,* 125 Ohio St., 399, 181 N. E., 811, where the court held as stated in the third paragraph of the syllabus that:

''Section 5330 of the General Code of Ohio is not unconstitutional and is not violative of the compact between the United States and the state of Ohio, whereby Section 16 in Marion township, Hardin county, Ohio, was granted by the United States to the state of Ohio in trust for the use of the schools of Ohio.''

(3) Finally, it is urged that the absence of the United States of America, the state of Ohio and Miami

University as parties prevented the court from exercising jurisdiction over the subject-matter and the parties before it. No authority is cited in support of that proposition. Of course, if necessary parties to a complete determination of the issues were not joined, that defect could be relied upon as an error, if properly preserved, but mere errors in the exercise of lawful jurisdiction in the rendition of the judgment in foreclosure are not presented by this appeal from the order of confirmation. And the rights of those not joined could not be affected by any judgment rendered in the case under any circumstances, even had it been attempted. It was not attempted in this case as to any one, and as to Miami University, the title of the purchaser was expressly made subject to its rights.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HAMILTON and ROSS, JJ., concur.