Ohio Water Service Co. *v.* Board of Commrs. of Lake County, Ohio, et al.

[Cite as Ohio Water Service Co. v. Board (1968), 25 Ohio Misc. 19.]

(No. 42843—Decided January 4, 1968.)

Common Pleas Court of Lake County.

*Mr. Latham W. Murfey, Jr., Mr. Edward R. Ostrander* and *Mr. James Mitchell,* for plaintiff.

*Mr. Paul H. Mitrovich, Mr. Louis Turi* and *Mr. Parker M. Orr,* for defendants.

CLAIR, J. This cause is before the court on the second amended petition, the answer and cross-petition of the Board of Lake County Commissioners, the answer and cross-petition of the city of Willoughby, the amended reply and amended answer of the plaintiff to the answer and cross-petition of the defendant and the reply of the board; the interrogatories of the parties, the stipulations, the evidence and the briefs of the parties.

The action is one for declaratory judgment on four causes of actions. The first cause of action seeks to have a contract entered into by and between the plaintiff and the defendant, the Board of County Commissioners, under date of September 28, 1955, to be a valid and binding contract, and in the event that said contract is not valid, that the board is estopped to deny its validity, that under the contract the plaintiff is entitled to furnish water to a portion of the defendant, city of Willoughby, and that the city is estopped to deny the validity of said contract.

The second cause of action seeks to declare certain resolutions adopted by the two defendants removing the city of Willoughby from a county sewer district and transferring the water mains, etc., to the city and the city of Willoughby's acceptance of the same unlawful and invalid.

The third cause of action seeks to declare as null and void an ordinance of the city of Willoughby, which ordinance sought to regulate the rate to be charged by the plaintiff.

The fourth cause sets forth that the plaintiff is a public utility and seeks a determination as to the applicability of the "Miller Act" under the conditions presented here.

The cross-petition amounts to basically a denial and a prayer that the court declare the defendants rights under the above mentioned agreement, resolutions, etc.

The facts which give rise to this law suit are as fol-

lows: The defendant, Board of County Commissioners, was engaged in furnishing water to residents of Lake County living in unincorporated areas of the county. In 1951 the defendant, the city of Willoughby, annexed a part of the service area located west of the then Mentor Township line and north of the city. The defendant board continued to service said area. While the board did construct and maintain various water lines, it did not have an independent supply of water but purchased water from the city of Willoughby and the city of Painesville.

In 1955 the defendant board determined that a new independent supply of water would be necessary to serve the area. After various negotiations the board entered into the agreement of September 28, 1955, with the plaintiff the principal subject of this law suit.

The contract provides that the plaintiff "take over immediately the present operations of the Lake County Water Department in the service area"; construct an intake, filtration plant and pumping station, to maintain at its own expense the distribution systems in the service area. The contract by its terms is to continue for a period of 20 years and to continue for successive periods of 20 years. The board has the right to terminate the agreement at the end of the first 20 years upon tendering to the company the then present value of the land facilities and trunk mains purchased, constructed or installed in the service area after giving written notice of intent to terminate.

The plaintiff was not obliged to construct any facilities until the municipal corporations in the service area had entered into separate contracts or franchise agreements with the plaintiff consistent with the terms of the county contracts. The plaintiff did enter into such an agreement with the village of Mentor on the Lake but has never entered into such an agreement with the city of Willoughby.

The plaintiff began construction of a filtration plant and intake without obtaining an agreement from the city of Willoughby. However, in 1958 the plaintiff and defendant city entered into an agreement for the construction of a

"loop line" from Route 306 and 20 to the city of Willoughby and northly on Lost Nation Road to support service in that part of the city that the plaintiff had been serving.

Since 1955 the company has spent approximately $3,700,000.00 for facilities and main in the service area.

On September 28, 1964, the defendant city adopted the rate ordinance in question.

On February 15, 1965, the defendant board adopted two resolutions, the first eliminated the area in north Willoughby served by the plaintiff from the service area, the second transferred to the defendant city the water mains located in said area. On the same day the city of Willoughby adopted a resolution accepting the water mains.

The first question to be resolved is the validity of the contract of September 28, 1955.

This court has previously held (June 1965) that the contract was invalid as being *ultra vires*. The court adopts that opinion. The court is still of this opinion, in addition, the court is of the opinion that the contract is in violation of Section 6, Article VIII of the Constitution. *Alter* v. *Cincinnati*, 56 Ohio St. 47. The contract not only mingles the board's property with the plaintiff but requires the board to expend funds in order to obtain possession of the property entrusted to the plaintiff. Plaintiff's Ex. 3, page 5.

The adoption of R. C. 6103.31, effective August 9, 1967, is further indication by the General Assembly that R. C. 6103.02 does not authorize the contract in question here. (See also 1960 O. A. G. 1842, 1961 O. A. G. 1984.)

Is the board estopped to deny the validity of the contract?

Estoppel may be applied to a government agency acting in a proprietary capacity and the operation of a water department is a proprietary function. *Hall* v. *Youngstown*, 11 Ohio App. 2d 195.

The elements of estoppel are:

1. Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are other-

wise than and inconsistent with those which the party subsequently attempts to assert;

2. Intention, or at least expectation that such conduct shall be acted upon by the other party; and

3. Knowledge actual or constructive of the real facts. 20 Ohio Jurisprudence 2d 499, Estoppel and Waiver, Section 35.

How can it be said that the defendants made a false representation or concealment of a material fact? Both parties knew of the authority of the defendant under the statutes; both had equal knowledge.

The court therefore is of the opinion that the board is not estopped. 45 Ohio Jurisprudence 2d 344, Public Works and Contracts, Section 15.

The same reasoning would apply as to the validity of the contract being binding on the defendant city of Willoughby. The city of Willoughby was not a party to the contract and can not be bound by it. Indeed, there is some question as to the failure of the plaintiff to obtain an agreement as the lack of a condition precedent.

The court is therefore of the opinion as to the first cause of action, that the contract of September 28, 1955, is invalid and that neither of the defendants is estopped to assert such fact.

The court is further of the opinion as to the second cause of action, that the resolutions set forth therein are surplusage. R. C. 6103.04 provides that:

"Whenever any portion of a sewer district is incorporated as a municipal corporation or annexed to a municipal corporation, the area so incorporated or annexed shall remain under the jurisdiction of the board of county commissioners for water-works purposes until any water supply or water-works improvements for said area for which detailed plans have been prepared and the resolutions declaring the necessity thereof has been adopted by the board have been completed or until said board has abandoned such projects. * * *"

It would seem to follow that the jurisdiction of the

board would cease for all other purposes except those named. Therefore the board did not need to adopt the resolution in question. It is further noted that R. C. 6103.22 provides that the water lines of the company may by mutual agreement be conveyed to the city upon annexation. Prior to annexation consent to the same must be given by the board—R. C. 709.03 and 709.15, and mutual agreement could be implied by such action.

As to the third cause of action concerning the "Rate Ordinance" of the city of Willoughby, the court is of the opinion that the same is a valid exercise of the defendant's right to regulate rates under R. C. 743.26 and 4909.34. Having found the contract invalid and R. C. 6103.04 to be self operating, that is, that the board lost jurisdiction over the area in question it necessarily follows that the city has jurisdiction and the right under the statute to fix the rate. Plaintiff did not exercise its right to a hearing under R. C. 4909.34, the evidence does not establish whether the water department or the council of the city of Willoughby established the rates being charged.

As to the fourth cause of action regarding the application of the "Miller Act" the court finds that the plaintiff has no lines, except the "loop line" in the city of Willoughby to abandon, said lines having passed to the city upon an annexation, therefore only service *i. e.* furnishing of water is involved.

It seems unusual for the plaintiff to come to this court and set forth a contract requiring them to obtain the consent of the city of Willoughby and having failed to obtain it, to inject themselves unasked into the city and then say they can not be required to leave without the consent of the Public Utilities Commission of Ohio. The court finds that the *Klapp case*, 10 Ohio St. 2d 14, does not apply to the city of Willoughby.

However the facts as to the defendant board vary greatly. The plaintiff does have considerable facilities constructed at the request of the board and the *Klapp case* would apply. The citizens of the "Service Area" (except the city of Willoughby) have the right as does the plain-

tiff to have the Public Utilities Commission of Ohio take jurisdiction. The board can not invite the plaintiff into the county and then summarily endeavor to evict them or force them to abandon valuable facilities.

The issues of statute of limitation and laches were raised in this case by the filing of an "amended reply and amended answer."

The court is unable to follow the argument of counsel for plaintiff that it can enter into possession of water mains under a contract (although an invalid one) agreeing to return such lines at the termination of the contract and now claim that it has become the owner of the mains.

The court therefore is of the opinion that the county contract is not a valid contract and that the board is not estopped to deny its validity that the plaintiff has not the right to furnish service in the city of Willoughby, nor is the city estopped to assert its rights.

That the resolutions referred to in the second cause of action are surplusage and an implementation of what had been accomplished in law.

That the "Rate Ordinance" of the city of Willoughby is a valid and enforceable ordinance.

That the plaintiff is a public utility and is entitled to protection as to the Board of County Commissioners only under the Miller Act.

That the city of Willoughby holds title to the water lines mentioned in the above named resolutions, and has the right to take over the maintenance and operation of said lines.

Prevailing counsel will prepare a journal entry in accordance with this opinion and the rules of this court, noting exceptions.