**BOARD OF PARK COMMISSIONERS OF the AKRON METROPOLITAN PARK DISTRICT, Appellant,**

v.

**City of AKRON, Appellee.**

[Cite as *Akron Metro. Park Dist. Bd. of Commrs. v. Akron* (1994), 96 Ohio App.3d 597.]

Court of Appeals of Ohio,
Summit County.

No. 16377.

Decided Aug. 31, 1994.

*Edward J. Riegler,* for appellant.

*David Muntean,* Assistant Director of Law, for appellee.

DICKINSON, Judge.

The Board of Park Commissioners of the Akron Metropolitan Park District has appealed from a judgment entered by the Summit County Court of Common Pleas. The board brought this declaratory judgment action against the city of Akron in an attempt to obtain a ruling that R.C. 1545.17 prohibited Akron from imposing assessments against park property for improvements to highways extending into or through parks, or connecting two park areas, without first obtaining an agreement from the board that it would pay the proposed assessment. The trial court determined that R.C. 1545.17 did not impose such a requirement on Akron. The board has argued to this court that the trial court

incorrectly (1) failed to determine that, pursuant to R.C. 1545.17, a public authority must enter into an agreement with a board of park commissioners when making improvements to highways extending into or through parks or connecting two park areas, (2) failed to address the right of a board of park commissioners pursuant to R.C. 1545.17 to hold park property free of assessments other than assessments to which it has agreed, and (3) found that R.C. 1545.17 was a permissive statute.[1] This court affirms the judgment of the trial court because, contrary to the board's position, R.C. 1545.17 does not require Akron to obtain an agreement from the board prior to imposing assessments against park property for improvements to highways extending into or through parks, or connecting two park areas.

## I

On October 23, 1992, the board filed a complaint for declaratory judgment against the city of Akron in the Summit County Court of Common Pleas. By that complaint, the board averred that R.C. 1545.17 limits "the authority of Akron and other cities similarly situated to unilaterally impose an assessment upon the Metro Parks or similarly situated metropolitan park districts to prevent the abuse of assessment powers." The board further averred that, notwithstanding the claimed limit imposed upon Akron's authority by R.C. 1545.17, Akron had unilaterally imposed assessments upon park property:

"4. From time to time, Akron has unilaterally and without obtaining the agreement of the Metro Parks assessed the Metro Parks for various highway improvements including changes in width or grade, correction of drainage, and otherwise improving such streets and highways by the way of street lighting, sweeping, and the like, all with regard to streets and highways that extend through, into, connect the Metro Parks to its various facilities, and/or form the boundary of the Metro Parks facilities.

"5. Akron continues to unilaterally, and without the agreement of the Metro Parks, impose such assessments, most recently with regard to an assessment involving improvements to Smith Road, which highway borders the Naturealm."

The board requested the trial court to enter a declaratory judgment that Akron lacked authority to impose unilateral assessments on park property:

"Metro Parks prays for the judgment that Akron has no authority or right to unilaterally and without the express agreement of the Metro Parks pursuant to Ohio Revised Code Section 1545.17 levy an assessment and further declare that Akron has no right to collect, seek to collect, or otherwise assess the Metro Parks

---

1. This court has rearranged the board's arguments for ease of discussion.

for the cost of improvements to public highways or streets which may extend in or through or border a metropolitan park area without an agreement by Metro Parks for the payment of only such portion of the costs of improvement as the Metro Parks deems reasonable."

On June 21, 1993, the trial court issued a judgment in which it determined that R.C. 1545.17 did not exempt park property from assessments in the absence of an agreement with the board. Specifically, the trial court stated:

"[T]he language of R.C. 1545.17 is not mandatory language which requires the City of Akron to enter into special assessment agreements. * * * In code sections which the Legislature contemplated mandatory conduct, the Legislature used the word 'shall.' * * * When the Legislature contemplated a specific grant of permissive powers it used the word 'may.'"

The board timely appealed the trial court's judgment to this court.

## II

Section 6, Article XIII of the Ohio Constitution provides that the General Assembly shall, among other things, restrict cities' power of assessment "so as to prevent the abuse of such power." Pursuant to that direction, the General Assembly adopted R.C. Chapter 727, including R.C. 727.01. R.C. 727.01 provides that municipal corporations may levy and collect special assessments for "any part of the cost connected with the improvement of any street * * * [or] public road."

R.C. Chapter 727 applies to both charter and noncharter cities. *Dies Electric Co. v. Akron* (1980), 62 Ohio St.2d 322, 325, 328, 16 O.O.3d 365, 366, 368, 405 N.E.2d 1026, 1028, 1030. When Akron imposes assessments of the type complained of by the board in this case, it does so pursuant to R.C. Chapter 727 and must comply with the restrictions found in that chapter. The board has argued that when Akron wishes to impose an assessment on park property, it must also comply with an additional restriction that, according to the board, is implicit in R.C. 1545.17.

It has long been recognized that property held by public entities, such as the board, may be subjected to assessments of the type at issue in this case. In *Jackson v. Cedarville Twp. Rural School Dist. Bd. of Edn.* (1926), 115 Ohio St. 368, 154 N.E. 247, at paragraph one of the syllabus, the Ohio Supreme Court determined that one of the predecessors of the provisions now found in R.C. Chapter 727 permitted a municipality to assess property held by a school board for street improvements:

"Section 3812, General Code, confers upon a municipality general authority to levy assessments for street improvements against property within such corpora-

tion belonging to a board of education and being used for school purposes, and no provision exists in the General Code of Ohio exempting such property from that general authority."

R.C. Chapter 1545 generally concerns the creation of park districts and the powers and responsibilities of park commissioners, not restrictions on the ability of public authorities such as Akron to impose assessments on property. R.C. 1545.17 itself, on its face, appears to deal with the power of park commissioners to enter into agreements with "public authorities," not with restrictions on such public authorities' power to make assessments against park property:

"When a public highway extends into or through a park area, or when a public highway forms all or part of a suitable connection between two or more park areas, and it is deemed advisable to make alterations in the route or width of such highway, or to grade, drain, pave, or otherwise improve such highway, boards of park commissioners may enter into agreements with the public authorities in charge or control of so much of said highway as lies within such park area or which forms the whole or part of a connecting link between two or more park areas, providing for the doing of any of such things, under the procedure authorized by law in case of such public authorities, and for the payment by such boards of so much of the cost thereof as is agreed upon. This section does not affect the legal status of such highway."

The board's position, however, is that R.C. 1545.17 must mean that public authorities are prohibited from imposing assessments on park property without first reaching an agreement with park commissioners. Otherwise, according to the board, providing that park commissioners may enter into agreements with such public authorities would be meaningless and R.C. 1545.17 would be surplusage.

### A

The board's first and second assignments of error are that the trial court incorrectly (1) failed to determine that, pursuant to R.C. 1545.17, a public authority must enter into an agreement with a board of park commissioners when making improvements to highways extending into or through parks or connecting two park areas, and (2) failed to address the right of a board of park commissioners pursuant to R.C. 1545.17 to hold park property free of assessments other than assessments to which it has agreed. These two assignments of error will be addressed together.

As noted previously, when Akron imposes levies of the type complained of by the board in this case, it does so pursuant to R.C. Chapter 727 and must comply with restrictions found in that chapter. One such restriction, in R.C. 727.01, is

that assessments may only be made against "specially benefited lots or lands." See *Chamberlain v. Cleveland* (1878), 34 Ohio St. 551, 561. R.C. 727.01 also provides three methods for calculating the amount of any such assessment:

"(A) By a percentage of the tax value of the property assessed;

·"(B) In proportion to the benefits which may result from the improvement;

"(C) By the front foot of the property bounding and abutting upon the improvement."

Additional restrictions on the power to impose assessments pursuant to R.C. Chapter 727 are found in R.C. 727.03, which provides that:

"In no case shall there be levied, under sections 727.01 to 727.49, inclusive, of the Revised Code, upon a lot or parcel of land in the municipal corporation, any assessment for any purpose which, together with all assessments made for all other purposes within a period of five years preceding the passage of the assessing ordinance under section 727.25 of the Revised Code, would be in excess of thirty-three and one-third per cent of the actual value of such lot or parcel including improvements thereon, as enhanced by the improvement for which the assessment is levied * * *."

If the only way public authorities such as Akron could obtain reimbursement for amounts spent on altering or improving highways extending into or through parks, or connecting two park areas, were through assessments on park property, the restrictions found in R.C. Chapter 727 could discourage them from undertaking such alterations or improvements. Contrary to the position urged by the board in this case, R.C. 1545.17 does not restrict the ability of public authorities such as Akron to assess park property; rather, it provides an alternative method by which such authorities may obtain reimbursement for alterations or improvements. If park commissioners deem alterations or improvements to a particular highway advisable, R.C. 1545.17 permits those commissioners to encourage the public authority in charge or control of that highway to undertake those alterations or improvements. It does so by authorizing boards of park commissioners to enter into agreements "for the payment by such boards of so much of the cost thereof as is agreed upon."

Contrary to the board's argument, R.C. 1545.17 would not be surplusage in the absence of the interpretation it has urged. R.C. 1545.17 authorizes park commissioners, when they determine alterations or improvements to the types of highways at issue to be advisable, to enter into agreements with public authorities such as Akron for those public authorities to complete those alterations or improvements. When such an agreement is the basis for reimbursement, the public authority is freed from the restrictions of R.C. Chapter 727, including the restrictions on the amount of reimbursement that may be recovered. Cf. 1922

Ohio Atty.Gen.Ops. No. 2827, at 40 (an agricultural society is a private corporation and, therefore, the directors of such a society are free from personal liability for waiving limitations on the amount a public authority may assess against land owned by the society).

The trial court did not err in failing to determine that, pursuant to R.C. 1545.17, a public authority must enter into an agreement with a board of park commissioners when making improvements to highways extending into or through parks or connecting two park areas. Such an agreement is necessary only when the public authority wishes to avoid the restrictions on reimbursement found in R.C. Chapter 727. Nor did the trial court err by failing to declare that R.C. 1545.17 provides a board of park commissioners the right to hold park property free of assessments other than assessments to which it has agreed. The existence of the alternative method of reimbursement found in R.C. 1545.17 does not infringe upon cities' ability to assess property pursuant to R.C. Chapter 727. Accordingly, the board's first two assignments of error are overruled.

## B

The board's third assignment of error is that the trial court incorrectly found that R.C. 1545.17 is a permissive statute. Specifically, it has argued that R.C. 1545.17 is a mandatory statute that requires public authorities such as Akron to obtain the agreement of park commissioners before they can impose assessments against park property.

As discussed above, R.C. 1545.17 does not impose restrictions on the ability of entities such as Akron to assess park property. Rather, it provides authority, or permission, to park commissioners to agree to provide reimbursement free of the restrictions on assessments found in R.C. Chapter 727. R.C. 1545.17 is a permissive statute; the permission provided by it runs to boards of park commissioners.

The trial court did not err in determining that R.C. 1545.17 is permissive. The board's third assignment of error is overruled.

## III

The board's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.