OPINION
{¶ 1} This is an appeal from a judgment in the amount of $5,000 against a criminal defendant and his surety upon forfeiture of a bond the surety had posted.
 {¶ 2} Two surety bonds were posted in this case. The first, which is the subject of the appeal, was posted in Dayton Municipal Court by Tom Short, Jr., in the amount of $5,000, upon Defendant William Johnson's arrest on two felony charges. Following Johnson's indictment on the two underlying felony charges in Case No. 03461, the $5,000 bond was transferred to common pleas court. Johnson was released on the bond.
 {¶ 3} Johnson was subsequently arrested on additional felony charges and was indicted on those charges in Case No. 03127. The court ordered an additional $25,000 surety bond posted for both Case No. 3127 and Case No. 3461. A $25,000 "blanket" surety bond was posted by another bondsman.
 {¶ 4} Johnson entered a negotiated plea of guilty to one of the two felony charges in Case No. 03461 and was convicted on his plea. The court set a sentencing hearing for March 28, 2005. Johnson's bonds were continued pursuant to Crim.R. 46(H).
 {¶ 5} Johnson failed to appear for sentencing on March 28, 2005. On that same date, the court ordered his bond "adjudged forfeit in its entirety and full amount pursuant to (Crim) Rule 46(I)", and ordered Johnson and his surety, Tom Short, Jr., "to show good cause on or before the 25 day of April 2005, at 9:00 a.m., why judgment should not be entered against you for the full amount stated in the recognizance." The court also issued a warrant for Johnson's arrest.
 {¶ 6} On April 19, 2005, Attorney William D. Rohrkaste filed a motion on behalf of Johnson, asking the court to continue the sentencing proceeding that had been set for March 28, 2005. The motion further states:
 {¶ 7} "Counsel makes this motion on grounds Defendant was seriously injured as a result of gunshot wound sustained on or about April 16, 2005. Counsel represents Mr. Johnson is currently hospitalized in good Samaritan Hospital, recuperating from surgery which involved, among other procedures, insertion of a rod in his right leg just above the knee to stabilize his shattered femur. Counsel notes for the record the Defendant cannot stand at this time, let alone walk or operate a motor vehicle. The Defendant's mother further reports her son will need a walker and a home health care aid or nurse, along with extensive out-patient rehabilitation services before he can walk without assistance. Accordingly, he is not threat to evade apprehension or otherwise abscond from the hospital outside or within the jurisdiction of this Court.
 {¶ 8} "Counsel believes William Johnson cannot obtain the orthopedic, rehabilitative services, which are vital to his recovery at the County Jail or at a State Correctional Facility. On the other hand, he can obtain the treatment he needs though the Good Samaritan, while convalescing or recuperating at the home of his mother on (EHDP). Counsel respectfully requests a hearing on this motion.
 {¶ 9} "Wherefore, Counsel moves this Court for an order continuing the Defendant's Probation Report hearing, recalling all warrants, and placing the Defendant on (EHDP) at the home of this mother until he can recover sufficiently to begin serving his sentence at a State Correctional facility."
 {¶ 10} On May 6, 2005, the court entered an order finding that Johnson and Short failed to show good cause why judgment should not be entered against them on the March 28, 2005, adjudication of forfeiture. The court entered judgment against Johnson and Short, jointly and severally, in the amount of $5,000. Short filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "UNDER THE DOCTRINE OF EQUITABLE ESTOPPEL, THE GOVERNMENT SHOULD BE ESTOPPED FROM FORCING APPELLANT TO FORFEIT THE BOND BECAUSE THE GOVERNMENT KNEW THAT JOHNSON WAS IN THE HOSPITAL AND THUS `ARRESTABLE', YET THE GOVERNMENT FAILED TO CAPTURE HIM."
 {¶ 12} Appellant Short argues that it was fundamentally unfair for the court to enter a judgment against him on the forfeiture, the court having been advised by Johnson's attorney of his whereabouts when Johnson was hospitalized and the State having failed to then execute the warrant for Johnson's arrest the court issued when it ordered his bond forfeited, and that these failures should operate to estop the court from entering judgment on the forfeiture.
 {¶ 13} As a general rule, the doctrine of estoppel does not apply against the state. Columbus v. Public UtilitiesCommission (1921), 103 Ohio St. 79. Exceptions exist with respect to acts undertaken by the state in its proprietary capacity, such as operation of a water department, Water ServiceBoard v. Board of Commissioners (1968), 25 Ohio Misc. 19, or in the sale of its own lands. State ex rel. Upper Scioto Drainage Conservancy Dist. v. Tracy (1932), 125 Ohio St. 399. However, the doctrine of estoppel will generally not be applied against the state in its governmental, public, or sovereign capacity, unless its application is necessary to prevent fraud or manifest injustice. 28 American Jurisprudence 2d., Estoppel and Waiver, Section 123.
 {¶ 14} The Montgomery County Court of Common Pleas performs a function imposed upon the state as an obligation of sovereignty, Article IV, Section 4, Ohio Constitution, a function which is performed by counties as political subdivisions of the state pursuant to legislative requirement. R.C. 2301.02. The court thus performs a governmental function. R.C. 2744.01(C)(1)(a). The doctrine of equitable estoppel is therefore inapplicable to the common pleas court.
 {¶ 15} Law enforcement agencies such as the County Prosecutor and the Montgomery County Sheriff perform functions in these circumstances that promote or preserve the public peace and safety, which are not proprietary and not customarily engaged in by non-governmental persons. Those agencies therefore perform governmental functions, R.C. 2744.01(C)(1)(c), and are likewise exempt from application of the doctrine of estoppel.
 {¶ 16} While estoppel cannot apply, we believe that the court erred when it entered judgment against Johnson and Short without the hearing that Short's motion requested with respect to the grounds for relief the motion alleged.
 {¶ 17} The court properly forfeited Johnson's bond on March 28, 2005, after and because he failed to appear on that date for sentencing. Further proceedings on the forfeiture are governed by R.C. 2937.36(C), which states, in pertinent part:
 {¶ 18} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall * * * notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall not be less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause byproduction of the body of the accused or otherwise is not shown,
the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond as has been set in the adjudication of forfeiture, and shall award execution therefore as in civil cases." (Emphasis supplied).
 {¶ 19} The showings of good cause contemplated by R.C.2937.36(C) are prospective to the forfeiture order. That is, after a forfeiture and during the additional period prescribed by the court the surety or defendant may show good cause to avoid a judgment on the forfeiture in either of two ways. One is through the defendant's appearance, voluntarily or in the surety's custody. The other is by good cause "otherwise" shown.
 {¶ 20} The common law tests for impossibility of performance applicable to a bond forfeiture are prevention by an act of God, the act of the obligee, or the act of the law. State v. Scherer
(1995), 108 Ohio App.3d 586, citing Taylor v. Taintor (1872), 83 U.S. (16 Wall.) 366, 21 L.Ed. 287. While the impossibility of performance requirement applies to the circumstances resulting in the underlying forfeiture itself, it does not likewise limit the subsequent showing of good cause allowed by R.C. 2937.36(C) that permits an obligor to avoid judgment on the forfeiture by production of the body or "otherwise". "Otherwise" for these purposes may be good cause for failure to produce the body during the additional period allowed for that showing.
 {¶ 21} Though the motion his attorney filed on April 19, 2005, asked the court to reschedule the sentencing hearing, it was in response to the court's order requiring a showing of good cause, and the facts it alleged concerning Johnson's injuries and incapacity, if true, could portray good cause "otherwise" for Johnson's failure to appear on or before April 25, 2005, the final date the court had allowed for a good cause showing that could include his appearance.
 {¶ 22} As a general rule, when grounds for relief are portrayed in a written filing the court may grant the motion or application without a hearing, but the court errs when it denies the motion without a hearing to determine whether grounds exist. The court therefore erred when it entered judgment on the forfeiture, rejecting the grounds for good cause that the April 19, 2005 motion alleged, without a hearing.
 {¶ 23} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 24} "IT WAS FUNDAMENTALLY UNFAIR FOR THE TRIAL COURT TO HAVE REQUIRED APPELLANT TO FORFEIT THE ENTIRE BOND WHEN THE RECORD SHOWS THAT ANOTHER BONDSMAN ALSO ISSUED A SURETY BOND IN THIS CASE."
THIRD ASSIGNMENT OF ERROR
 {¶ 25} "THE TRIAL COURT SHOULD NOT HAVE FORFEITED THE BOND POSTED BY APPELLANT BECAUSE ONCE THE NEW BONDSMAN POSTED THE $25,000 BOND ON DECEMBER 9, 2004, AND IT WAS `BLANKETED' WITH THIS BOND ON JANUARY 12, 2005, APPELLANT WAS RELIEVED OF HIS SURETY OBLIGATION."
 {¶ 26} Crim.R. 46(E) states: "A court, at any time, may order additional or different types, amounts, or conditions of bail." The $25,000 "blanket" bond covering both Case No. 03461, which is concerned in this appeal, and Case No. 03127, which is not, is merely an additional bond permitted by the rule. It did not relieve Appellant Short of his obligations on the $5,000 bond he previously posted, an obligation which continues until the proceedings in Case No. 03461 terminate, whether or not the additional $25,000 bond is also forfeited.
 {¶ 27} The second and third assignments of error are overruled.
 {¶ 28} Having sustained the first assignment of error, we will reverse the judgment of May 6, 2005, from which the appeal was taken and will remand the case for further proceedings consistent with this opinion.
Brogan, J. And Wolff, J., concur.